## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARCUS ALSTON, ANTJUAN HARDY
and ANTONIEO HARDY,
      Plaintiffs,

HON.
Case No.

vs

CITY OF DETROIT POLICE OFFICER(S)
JOHN DOE 1, JOHN DOE 2, JOHN DOE 3,
SUPERVISOR JOHN DOE 1, SUPERVISOR
JOHN DOE 2 and THE CITY OF DETROIT,
Individually and/or in their Official Capacities,
Jointly and Severally,

      Defendants.
_____

LAW OFFICES OF J.L. HAWKINS PLLC
By:   Johnny L. Hawkins (P48157)
Attorney for Plaintiff(s)
2000 Town Center, Suite 1900
Southfield, MI 48075
Tel:   (248) 567-9990
Fax:   (248) 436-6833
Email:     johnny@jlhawkinslaw.com


KELLER & AVADENKA, P.C.
By:   Ann Marie Pervan (P45213)
      Evon Keller (P84328)
Attorneys for Plaintiff(s)
2242 S. Telegraph Road, Suite 100
Bloomfield Hills, MI 48302
Tel:   (248) 335-9266
Fax:   (248) 335-6128
Email:     annmarie@kellerandavadenka.com
      evon@kellerandavadenka.com
_____
_____

## INITIAL COMPLAINT

**NOW COMES** the above-named Plaintiffs, MARCUS ALSTON, ANTJUAN HARDY and ANTONIEO HARDY, by and through their attorneys, THE LAW OFFICE OF J.L. HAWKINS, PLLC and THE LAW OFFICES OF KELLER & AVADENKA P.C., and states the following as the basis for their Cause(s) of Action against the named Defendant(s):

## JURISDICTION

1. Plaintiffs, MARCUS ALSTON, ANTJUAN HARDY and ANTONIEO HARDY, are residents of the City of Detroit, County of Wayne, and State of Michigan.

2. That upon information and belief, all named Defendant DETROIT POLICE OFFICERS on the scene of the events described in this complaint , JOHN DOE 1, JOHN DOE 2, JOHN DOE 3 [hereinafter referred to as OFFICER(S)], and Defendant DETROIT POLICE SUPERVISORS on the scene of the events described in this complaint, SUPERVISOR 1 and SUPERVISOR 2 [hereinafter SUPERVISOR(S)], are individual citizen(s) and employees of the City of Detroit, previously or currently, residing and/or acting within their official positions and under "color of law" as Police Officers, within the City of Detroit, County of Wayne, State of Michigan.

3. That Defendant, CITY OF DETROIT is an organized municipal corporation existing under the laws of the State of Michigan.

4.  That this matter involves one or more federal questions, or more specifically, causes of action, allowable under federal law (i.e. 42 U.S.C. § 1983) and/or those U.S. Constitution Amendments (i.e. the 1st, 4th and 14th Amendments of the U.S. Constitution) as specifically described herein.

## **GENERAL ALLEGATIONS**

5. That during the early morning hours of August 1, 2021, a small group of lifelong friends, all Detroit residents, were in the *Greektown* area of Detroit to enjoy a celebratory dinner to commemorate the upcoming nuptials of one or more of the men.

6. That part of this group was Plaintiff ANTJUAN HARDY, his younger brother ANTONIEO HARDY and their friend Plaintiff MARCUS ALSTON.

7. That initially, as the three Plaintiffs were lawfully walking on Monroe Street, east of Brush Street in *Greektown*, a unit of at least twenty to thirty Detroit Police Officers, clad in military style tactical garb, came rushing at them with the intent of attacking another  unknown young small group (i.e. 2 or 3 in size) of African-American men who were walking just behind Plaintiffs and who to the Plaintiffs, appeared to be no more than teenagers.

3

8. That as Plaintiffs looked on, the Detroit Police Unit began viciously jumping on, beating, punching and kicking the young small group of men, who again, were walking behind the Plaintiffs, and for no reason that was apparent to Plaintiffs, and much to the horror, shock and alarm of Plaintiffs.

9. That all three named Plaintiff(s), now outraged at witnessing the vicious and frenzied beating of the young men who were only feet away from them, then in using only non-provoking words and without making absolutely no physical contact with any individual, let alone any Detroit Police Officer, began to *peacefully protest* the excessive use of force and unlawful treatment that was being asserted towards the small group of young men by this same group of DPD Officer, all as the young men lay defenseless on the ground, and in so doing, the Plaintiffs then pled for the officers to stop and asked why the young men were being kicked, punched and excessively beaten by such a large mob or group of DPD Officers, dressed in clad  military tactical gear.

10. That several Detroit Police Officers then responded first to Plaintiff ANTONIEO HARDY's protests by using unprovoked, unnecessary and extremely vulgar language (i.e. four-letter words) towards him and then by pushing him towards a nearby wall, and then knocking him to the ground by viciously beating and kicking him as well.

4

11. That at the time that Plaintiff ANTONIEO HARDY was initially attacked by certain unknown Detroit Police Officers, this Plaintiff was in a disabled state seeing that he had only recently (i.e. within the last year to year and a half) had his right leg broken after being hit by a car and still in recovery after having recently undergone extensive orthopedic surgery, wherein internal fixation medical hardware had been surgically placed inside his right lower leg, all in an effort to help medically stabilize and repair the same.

12. That upon witnessing their brother and friend and/or friends (i.e. ANTONIEO HARDY) be viciously pushed, taken to the ground, punched by DPD Officer John Doe #1, and then be beaten by other DPD officers, Plaintiffs ANTJUAN HARDY and MARCUS ALSTON continued in their peaceful protest, all of which was verbal in nature, and simply being done out of fear for ANTONIEO HARDY's well-being, seeing that they saw many more Detroit Police Officers start to move in and come towards ANTONIEO HARDY. As a result, ANTJUAN HARDY, in trying to keep the peace and prevent any additional physical harm from coming to his brother, ANTONIEO HARDY, then stepped between his brother ANTONIEO HARDY and the additional DPD Officers as they began to approach his brother who lay helplessly on the ground after having already been punched and beaten.

13. That ANTJUAN HARDY was then punched in the head with great force and might by DPD Officer John Doe #2, where he then lost consciousness. And upon regaining consciousness, ANTJUN HARDY was also eventually handcuffed, placed under arrest, and charged with a misdemeanor.

14. That ANTONIEO HARDY was then eventually handcuffed, placed under arrest, and also charged with a misdemeanor.

15. That MARCUS ALSTON, in witnessing all of the above aforementioned events, all as they were occurring before his very eyes, and being in total disbelief, again did verbally express his distain, but at all times never physically touched or provoked the DPD Officers on the scene, and simply stated or pleaded the following, over and over again to the officers: "He didn't do nothing!" at which time he was then initially, physically grabbed and pushed away and to the ground with great force and might by DPD Officer John Doe #3, and then without provocation, punched with great force and might and knocked unconscious by DPD Officer John Doe #1, the same DPD Officer John Doe #1 who also punched ANTONIEO HARDY, which resulted in MARCUS ALSTON's head then striking the ground with great force and might for all around to both hear and witness.

16. That although the aforementioned, extreme physical force was used against Plaintiff MARCUS ALSTON by the Detroit Police Officers who attacked

6

him, he was never handcuffed, placed under arrested, nor charged with a misdemeanor.

17. That at no time did any of the Detroit Police Officers present, ever offer or render medical care or treatment to any of the Plaintiffs after they were physically assaulted and battered.

18. That despite all of the events described above, in which the excessive use-of-force was wrongfully asserted against all three of the Plaintiffs, none of the Detroit Police Officers present and/or on the scene, including at least two who were DPD Supervisors, never prepared or timely filed the required DPD "Use-of-Force Report(s)", this having been done in clear violation of DPD department policy and/or protocol.

19. That after the unconscionable and criminal acts of the Detroit Police Officers became public due to videos taken by multiple citizens in the vicinity where the atrocities were perpetrated on the Plaintiffs, the response of the Detroit Police Department's Chief Policy Maker (i.e. Interim DPD Chief of Police James White), was to slander and besmirch the reputation and character of each Plaintiff by stating officially on broadcast media television that the Plaintiffs were involved in criminal behavior, specifically fighting, even though there was no indication that such was the case.

# COUNT I
# <u>CONSTITUTIONAL VIOLATION</u>
# <u>PURSUANT TO 42 U.S.C. § 1983</u>
# <u>DEFENDANT OFFICERS</u>

20. Plaintiffs incorporate all allegations contained in the GENERAL ALLEGATIONS above as if fully alleged herein.

21. That Defendant OFFICERS, while acting under color of law, did in bad faith maliciously or sadistically, for the very purpose of causing harm, and without reasonable provocation or proper justification, physically assault and batter the Plaintiffs, who were, at the time, civilians lawfully standing in a public space.

22. That as officers of the Detroit Police Department (and as such, of Defendant CITY OF DETROIT) Defendant OFFICERS, by reason of their acts as set forth in this Complaint, acted under color of law and with oppression and malice to subject Plaintiffs to the deprivation of their rights, privileges and immunities secured by the Constitution or laws of the United States.

23. That on information and belief, the Defendant CITY OF DETROIT, did by and through its Police Department, did specifically authorize and tolerate as an institutional practice, the excessive use of force by officers in the Detroit Police Department by:

a. Failing to properly discipline, restrict and control employees, including the Defendant OFFICERS, known to be irresponsible in their dealing with citizens within the community;

b. Failing to take adequate precautions in the hiring, promotion, and retention of police officers, especially regarding Defendant OFFICERS;

c. Failing to establish and assure a bona fide and meaningful departmental system for dealing with complaints of police misconduct;

d. Failing to discipline officers using excessive force and by covering up their misconduct thereby encouraging the use of excessive force by officers in the Detroit Police Department;

e. Failing to train and supervise its officers, including Defendant OFFICERS in the use of deadly force;

f. Failing to ensure constitutional policing, promote community confidence and improve public safety within the City of Detroit.

24. That Defendant OFFICERS, acting during the normal course and scope of their employment, engaged in deliberately indifferent, malicious, sadistic, unreasonable, and excessive conduct by virtue of Defendant CITY OF DETROIT's failures that resulted in a violation of Plaintiffs' rights under both

the laws of the United States as well as the United States Constitution and suffering by Plaintiffs of extensive injuries.

25. That Defendant OFFICERS engaged in deliberately indifferent, malicious, sadistic, unreasonable, and excessive conduct in accordance with the above-described conduct, practice, policy, or custom that resulted in a deprivation of others in general, and Plaintiffs in particular, of one or more of the following constitutional rights:

    a. The right to be free from an unreasonable search or seizure contrary to the 4th and 14th Amendments of the U.S. Constitution;

    b. The right to be free from an exercising of excessive force by law enforcement officers, contrary to the 4th and 14th Amendments of the U.S. Constitution;

    c. The right to be free from wrongful/illegal incarceration by law enforcement officers, contrary to the 4th and 14th Amendments of the U.S. Constitution;

    d. The right to freedom of speech contrary to the 1st and 14th Amendments of the U.S. Constitution;

    e. The right to due process of law, contrary to amendment 14th Amendment of the U.S. Constitution;

26. That as a direct and proximate result of the indifferent, malicious and sadistic actions of Defendant OFFICERS that resulted in Plaintiffs being deprived of the aforementioned constitutional rights, Plaintiffs suffered extensive damages including, but not limited to, the following:

  a. Extreme pain;

  b. Humiliation;

  c. Fright;

  d. Shock;

  e. Fear;

  f. Outrage;

  g. Emotional distress;

  h. Psychological distress;

  i. Physical distress;

  j. Anguish;

  k. Public ridicule;

  l. Damage to reputation and standing in the community;

  m. Other physical, psychological and emotional damages; and

  n. Economic damages, including all incurred past and future medical expenses and lost wages together with all incurred reasonable attorney

fees, and all interest available under the applicable laws on the above

sums from the date of injury until paid.

27. That Plaintiffs continue to suffer each and every one of the damages outlined

in the preceding paragraph to this very day.

**WHEREFORE**, Plaintiffs do now seek to recover a monetary judgment

against the Defendants, jointly and severally, in whatever amount each Plaintiff is

found to be entitled to, including the statutorily allowed punitive damages, attorney

fees, and interest.

## COUNT II
## CONSTITUTIONAL VIOLATION
## PURSUANT TO 42 U.S.C. § 1983
## CITY OF DETROIT

28. Plaintiffs incorporate all allegations contained in the GENERAL

ALLEGATIONS and COUNT I as if fully alleged herein.

29. That Defendant CITY OF DETROIT through its agents, servants, or

employees, have established practices, policies, or customs that resulted in

the depriving of Plaintiffs of rights, privileges, or immunities secured by the

Constitution or laws of the United States.

30. That on information and belief, the Defendant CITY OF DETROIT and its

police department specifically authorized, encouraged and tolerated as an

institutional practice the excessive use of force and other deprivation of

12

rights guaranteed by the United States Constitutions and the Amendments thereto, by officers in the Detroit Police Department, and especially those patrolling the G*reektown* area, as follows :

a. Failing to properly discipline, restrict and control employees, including the Defendant OFFICERS, known to be irresponsible in their dealing with citizens of the community;

b. Failing to take adequate precautions and implement proper practices in the hiring, promotion, retention, and termination of police officers, especially regarding Defendant OFFICERS;

c. Failing to establish and assure a bona fide and meaningful departmental system for dealing with complaints of police misconduct;

d. Failing to discipline officers using excessive force and by covering up their misconduct thereby encouraging the use of excessive force by officers in the Detroit Police Department;

e. Failing to train, instruct, monitor, evaluate, and/or supervise its officers, including Defendant OFFICERS in the use of deadly force;

f. Failing to ensure constitutional policing, promote community confidence and improve public safety within the City of Detroit; and

g. Encouraging OFFICERS to target African-Americans who are in the *Greektown* area at night and to subject such racially defined group to:

    i.  Verbal intimidation and harassment;

    ii.  Excessive force;

    iii. Wrongful arrest and/or detainment in violation of the 14th Amendment;

    iv. Curtailment of 1st Amendment Rights;

31. That the intentional and deliberate actions and/or failures to act on the part of Defendant CITY OF DETROIT as an independent local municipality, by and through its agents and/or employees) acting during the normal course and scope of their employment in having engaged in the failures outlined in the preceding paragraph did result in a violation of Plaintiffs' rights under both the laws of the United States as well as the United States Constitution.

32. That city employees of Defendant CITY OF DETROIT (Defendant OFFICERS) engaged in deliberately indifferent, malicious, sadistic, unreasonable, and excessive conduct in accordance with the above-described conduct, practice, policy, or custom that resulted in a deprivation of others in general, and Plaintiffs in particular, of one or more of the following constitutional rights:

    a.  The right to be free from an unreasonable search or seizure contrary to 4th and 14th Amendments of the U.S. Constitution;

14

b.  The right to be free from an exercising of excessive force by law enforcement officers contrary to the 4th and 14th Amendments of the U.S. Constitution;

c.  The right to be free from wrongful/illegal incarceration by law enforcement officers contrary to the 4th and 14th Amendments of the U.S. Constitution;

d.  The right to freedom of speech contrary to the 1st and 14th Amendments of the U.S. Constitution;

e.  The right to due process of law, contrary to amendment 14th Amendment of the U.S. Constitution;

f.  The right not to be targeted and subject to the described Constitutional deprivations conduct by Defendants because of their being African-American.

33. That as a direct and proximate result of the actions and inactions of Defendant CITY OF DETROIT that resulted in Plaintiffs being deprived of the aforementioned constitutional rights, Plaintiffs suffered extensive damages including, but not limited to, the following:

a.  Extreme pain;

b.  Humiliation;

c.  Fright;

15

d.  Shock;

e.  Fear;

f.  Outrage;

g.  Emotional distress;

h.  Psychological distress;

i.  Physical distress;

j.  Anguish;

k.  Public ridicule;

l.  Damage to reputation and standing in the community;

m. Other physical, psychological and emotional damages; and

n.  Economic damages, including all incurred past and future medical expenses and lost wages together with all incurred reasonable attorney fees, and all interest available under the applicable laws on the above sums from the date of injury until paid.

34. That Plaintiffs continue to suffer each and every one of the damages outlined in the preceding paragraph to this very day.

35. That as an ultimate result of Defendant CITY OF DETROIT's deliberate and intentional nonfeasance or malfeasance in this matter, Plaintiffs suffered those damages specifically enumerated in paragraph 33 above.

**WHEREFORE**, Plaintiffs do now seek to recover a monetary judgment against these Defendants, jointly and severally, in whatever amount he is found to be entitled to, including the statutorily allowed punitive damages, attorney fees, and interest.

## COUNT III
## FAILURE TO INTERVENE VIOLATION
## PURSUANT TO 42 U.S.C. § 1983
## DEFENDANT OFFICERS

36. Plaintiffs incorporate all allegations contained in the GENERAL ALLEGATIONS, COUNT I and COUNT II as if fully alleged herein.

37. That each individual Defendant OFFICER observed all other Defendant OFFICERS engage in excessive force and additional violations of Plaintiffs' rights and had the ability and opportunity to intervene but chose not to.

38. That these Defendant OFFICERS observed or had reason to know that excessive force, unlawful arrests, unlawful searches, and unlawful seizures, and unlawful retaliation and additional 1st, 4th, and 14th Amendment violations would be or were being used, had reasonable opportunity and the means to prevent this harm, but failed to do so.

39. That each Defendant OFFICER observed the other Defendant OFFICERS engaging in unconstitutional conduct as is described herein and had the opportunity to prevent it, but chose not to.

40. That in the manner described above, by their conduct and under color of law, during the constitutional violations described herein, the Defendant OFFICERS stood by without intervening to prevent the violation of Plaintiffs' constitutional rights, even though they had the opportunity and means to do so.

41. That as a direct and proximate result of the Defendant OFFICER's deliberate forbearance, Plaintiffs did wrongfully suffer those damages and harm specifically enumerated in the paragraphs above.

**WHEREFORE**, Plaintiffs do now seek to recover a monetary judgment against these Defendants, jointly and severally, in whatever amount he is found to be entitled to, including the statutorily allowed punitive damages, attorney fees, and interest.

**COUNT IV**
**FAILURE TO PROVIDE MEDICAL CARE AND TREATMENT**
**VIOLATION**
**PURSUANT TO 42 U.S.C. § 1983**
**DEFENDANT OFFICERS**

42. Plaintiffs incorporate all allegations contained in the GENERAL ALLEGATIONS, COUNT I, COUNT II and COUNT III as if fully alleged herein.

43. That each individual Defendant OFFICER observed all other Defendant OFFICERS engage in excessive force and additional violations of Plaintiffs'

18

rights and had the ability and opportunity to render subsequent medical care and treatment but chose not to.

44. These Defendant OFFICERS observed or had reason to know that excessive force, unlawful arrests, unlawful searches, and unlawful seizures, and unlawful retaliation and additional 1st, 4th, and 14th Amendment violations had taken place, that Plaintiffs were consequently injured and in need of medical care and treatment but failed to subsequently provide any.

45. That each Defendant OFFICER observed the other Defendant OFFICERS engaging in unconstitutional conduct as is described herein and had the opportunity to provide, in its aftermath, subsequent medical care and treatment but chose not to.

46. In the manner described above, by their conduct and under color of law, following the constitutional violations described herein, the Defendant OFFICERS stood by without intervening to provide Plaintiffs with subsequent medical care and treatment even though they had the opportunity and means to do so.

47. That Defendant OFFICERS recognized that Plaintiffs had serious medical needs following their aforementioned injuries, faced substantial risks of serious harm if said medical needs went untreated, consciously disregarded these risks by not taking steps to treat Plaintiffs' medical needs, and did so

19

while acting or purporting to act in the performance of their official duties and under the color of law.

48. That as a direct and proximate result of the Defendant OFFICERS' forbearance, Plaintiffs did wrongfully suffer those damages and harm specifically enumerated in the paragraphs above.

**WHEREFORE**, Plaintiffs do now seek to recover a monetary judgment against these Defendants, jointly and severally, in whatever amount he is found to be entitled to, including the statutorily allowed punitive damages, attorney fees, and interest.

### COUNT V
### SUPERVISORY LIABILITY VIOLATION
### PURSUANT TO 42 U.S.C. § 1983
### DEFENDANT SUPERVISOR OFFICERS

49. Plaintiffs incorporate all allegations contained in the GENERAL ALLEGATIONS, COUNT I, COUNT II, COUNT III and COUNT IV as if fully alleged herein.

50. That a supervisor is individually liable in his/her personal capacity for the constitutional violations committed by his/her subordinates if he/she at least implicitly authorizes, approves, or knowingly acquiesces in the unconstitutional conduct of a subordinate.

51. That in this case, Defendant SUPERVISORS were at all pertinent times the direct supervisor(s) of the other named Defendant OFFICERS.

52. That by turning a willfully blind eye and/or participating in the herein complained-of unconstitutional conduct of the other named Defendant OFFICERS, both SUPERVISORS demonstrated that they at least implicitly authorized, approved, or knowingly acquiesced in their unconstitutional conduct.

53. That each SUPERVISOR is therefore individually liable for their excessive force, failures to intervene, and failure to provide subsequent medical care and treatment along with all other violations outlined herein.

54. That all herein complained of actions and inactions of Defendant OFFICERS were done wantonly, sadistically, maliciously, knowingly, recklessly, intentionally, purposefully, purposely, with deliberate indifference and gross negligence, and directly caused Plaintiffs to suffer extensive harm.

55. That as a direct and proximate result of the Defendant OFFICERS' actions and/or forbearance, Plaintiffs did wrongfully suffer those damages and harm specifically enumerated in the paragraphs above.

**WHEREFORE**, Plaintiffs do now seek to recover a monetary judgment against these Defendants, jointly and severally, in whatever amount he is found to be entitled to, including the statutorily allowed punitive damages, attorney fees, and interest.

**COUNT VI**
**GROSS NEGLIGENCE CLAIM**
**PURSUANT TO MCL 691.1407**
**DEFENDANT OFFICERS**

56. Plaintiffs incorporate all allegations contained in the GENERAL ALLEGATIONS, COUNT I, COUNT II, COUNT III, COUNT IV and COUNT V as if fully alleged herein.

57. That the specific actions of each of the Defendant OFFICERS were all committed while they were:

    a. Acting and/or reasonably believed they were acting within the scope of their authority;

    b. Engaged in the exercise or discharge of a governmental function; and

    c. Amounted to gross negligence as defined as being conduct so reckless as to demonstrate a substantial lack of concern for whether an injury would result with respect to Plaintiffs;

58. That as a direct and proximate result of the Defendant OFFICERS' intentional, deliberate and/or grossly negligent conduct, done either individually and/or while acting in concert, Plaintiffs did wrongfully suffer those damages and harm specifically enumerated in the paragraphs above.

**WHEREFORE**, Plaintiffs do now seek to recover a monetary judgment against these Defendants, jointly and severally, in whatever amount he is found to

be entitled to, including the statutorily allowed punitive damages, attorney fees, and interest.

## COUNT VII
## ASSAULT & BATTERY
## DEFENDANT OFFICERS

59. Plaintiffs incorporate all allegations contained in the GENERAL ALLEGATIONS, COUNT I, COUNT II, COUNT III, COUNT IV, COUNT V and COUNT VI as if fully alleged herein.

60. At all relevant times Defendant OFFICERS acted within the course and scope of their employment with the Detroit Police Department within the apparent scope of their agency as agents of the Detroit Police Department and Defendant CITY OF DETROIT.

61. That the use of excessive force against Plaintiffs amounted to an assault and battery upon Plaintiffs and said assault and battery was committed without provocation, privilege, or justification.

62. That as a direct and proximate result of the Defendant OFFICERS' intentional, deliberate and/or grossly negligent conduct, done either individually and/or while acting in concert, Plaintiffs did wrongfully suffer those damages and harm specifically enumerated in the paragraphs above.

**WHEREFORE**, Plaintiffs do now seek to recover a monetary judgment against these Defendants, jointly and severally, in whatever amount he is found to

be entitled to, including the statutorily allowed punitive damages, attorney fees, and

interest.

Respectfully Submitted,

By:   /s/ Johnny L. Hawkins
       Johnny L. Hawkins (P48157)
       Attorney for Plaintiff
       2000 Town Center, Ste 1900
       Southfield, Michigan 48075
       Tel:   (248) 567-9990
       Fax:   (248) 436-6833
       Email:    Johnny@JLHawkinsLaw.com

Dated:   8/20/2021

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARCUS ALSTON, ANTJUAN HARDY
and ANTONIEO HARDY,

                                    HON.
                                      Case No:

      Plaintiffs,

vs

CITY OF DETROIT POLICE OFFICER(S)
JOHN DOE 1, JOHN DOE 2, JOHN DOE 3,
SUPERVISOR JOHN DOE 1, SUPERVISOR
JOHN DOE 2 and THE CITY OF DETROIT,
Individually and/or in their Official Capacities,
Jointly and Severally,

      Defendants.

---

LAW OFFICES OF J.L. HAWKINS PLLC
By:   Johnny L. Hawkins (P48157)
Attorney for Plaintiff(s)
2000 Town Center, Suite 1900
Southfield, MI 48075
Tel:   (248) 567-9990
Fax:   (248) 436-6833
Email:     johnny@jlhawkinslaw.com

KELLER & AVADENKA, P.C.
By:   Ann Marie Pervan (P45213)
      Evon Keller (P84328)
Attorneys for Plaintiff(s)
2242 S. Telegraph Road, Suite 100
Bloomfield Hills, MI 48302
Tel:   (248) 335-9266
Fax:   (248) 335-6128
Email:     annmarie@kellerandavadenka.com
             evon@kellerandavadenka.com

## <u>DEMAND FOR JURY TRIAL</u>

**NOW COMES** the above-named Plaintiff(s), MARCUS ALSTON,

ANTJUAN HARDY and ANTONIEO HARDY, by and through their attorneys,

THE LAW OFFICE OF J.L. HAWKINS, PLLC and THE LAW OFFICES OF

KELLER & AVADENKA P.C., and hereby makes his demand for trial by jury.

Respectfully Submitted,

LAW OFFICE OF J.L. HAWKINS, PLLC

By:   <u>/s/ Johnny L. Hawkins</u>
       Johnny L. Hawkins (P48157)
       Attorney for Plaintiff
       2000 Town Center, Ste 1900
       Southfield, Michigan 48075
       Tel:  (248) 567-9990
       Fax:  (248) 436-6833
       Email:     Johnny@JLHawkinsLaw.com

Dated:    8/20/2021